UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND THIS ACTION TO STATE COURT (DKT. 11)
**JS-6: Remand**

## I. Introduction

On December 29, 2017, Nain Carlos Delgado Pimentel ("Plaintiff") filed a complaint in the Los Angeles Superior Court against Huntsman International, LLC ("Huntsman International" or the "Parent Defendant"). Complaint, Exhibit 1 to Notice of Removal, Dkt. 1-1 at 7-23. It advances claims under California law arising from Plaintiff's employment. *Id.* On September 6, 2018, Plaintiff filed a one-page form amending the complaint to state that the entity sued under the fictitious name of Doe 1 is Huntsman Advanced Materials Americas LLC ("Huntsman Americas" or the "Subsidiary Defendant"). Exhibit 3 to Notice of Removal, Dkt. 1-1 at 61.

On December 14, 2018, the Subsidiary Defendant filed a notice of removal based on diversity of citizenship. Dkt. 1. On January 14, 2019, Plaintiff filed a motion to remand the action to the Superior Court (the "Motion"), contending that the removal was untimely, and that Defendants had waived their right to remove the action. Dkt. 11. The Subsidiary Defendant filed an opposition. Dkt. 13. Plaintiff did not file a reply. A hearing on the Motion was conducted on April 8, 2019. Dkt. 23. During the hearing, each party was ordered to file a supplemental brief addressing relevant authority that had not been addressed in their briefs. They timely did so. *See* Dkt. 25 ("Plaintiff's Supplemental Brief"); Dkt. 24 ("Defendants' Supplemental Brief"). The matter was then taken under submission.

For the reasons stated in this Order, the Motion is **GRANTED**.

## II. Factual Background

The Complaint alleges that Plaintiff was employed by Defendants, *i.e.*, by the Parent Defendant named in the Complaint as well as the Doe defendants not yet identified at that time. Complaint, Dkt. 1-1 ¶ 1.[1]

---

[1] After defining the Parent Defendant as "Huntsman," the Complaint also refers to Plaintiff's employer entity as "Huntsman." A review of the Complaint makes clear that the allegations are as to employment-related claims against the entit(ies) that employed Plaintiff in connection with his position as a shipping clerk at a "Huntsman" facility in Los Angeles from 2006 through 2017.

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

Plaintiff alleges that he worked in Defendants' Los Angeles facility from 2006 until August 2017 as a shipping clerk. *Id.* ¶¶ 11, 13. At the end of April 2017, Plaintiff became disabled due to a back condition and began a leave of absence. *Id.* ¶ 13. The Complaint alleges that on August 2, 2017, Plaintiff provided documentation as to his condition that included a return to work date of August 25, 2017. *Id.* ¶ 14. However, Defendants terminated Plaintiff's employment on August 15, 2017, allegedly "because [Plaintiff] exercised his right to a leave of absence based on his medical condition and physical disability." *Id.* ¶¶ 15-16. Plaintiff also alleges that Defendants failed to provide lawful meal and rest periods, failed to provide accurate itemized wage statements, and failed to pay all wages due upon termination. *Id.* ¶ 18.

Based on these allegations, the Complaint advances the following nine causes of action: (i) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, *et seq.*; (ii) unlawful denial of reasonable accommodations for a disability in violation of FEHA; (iii) failure to engage in a timely, good faith, interactive process in violation of FEHA; (iv) failure to prevent discrimination, in violation of FEHA; (v) failure to provide meal periods as required by Industrial Welfare Commission orders and Cal. Lab. Code §§ 226.7, 512; (vi) failure to provide rest periods as required by Industrial Welfare Commission orders and Cal. Lab. Code § 226.7; (vii) failure to pay wages due upon discharge or quitting, and entitlement to waiting time penalties, under Cal. Lab. Code §§ 201-03; (viii) failure to provide accurate wage statements in violation of Cal. Lab. Code §§ 226, 1174; and (ix) unfair business practices in violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. Complaint, Dkt. 1-1 ¶¶ 20-79.

### III.   Procedural Background

As noted, the Complaint was filed in the Los Angeles Superior Court on December 29, 2017, and named the Parent Defendant and Doe defendants. Complaint, Dkt. 1-1 at 6. On January 8, 2018, Lonnie D. Giamela ("Giamela") and Aymara Ledezma ("Ledezma") of the law firm Fisher & Phillips LLP sent a letter to Plaintiff's counsel stating that they represented the Parent Defendant. Exhibit A to Declaration of Arthur Kim ("Kim Decl."), Dkt. 11-1 at 7-8. The letter described Plaintiff's obligation to preserve documents and evidence, including those related to "his employment with Defendant." *Id.* at 8. On February 7, 2018, the Parent Defendant filed an Answer (the "Parent Defendant Answer"). Dkt. 1-1 at 54-58. The Parent Defendant Answer included a general denial as well as 21 affirmative defenses. *See id.*

In March 2018, counsel for the Parent Defendant contacted Plaintiff's counsel to discuss potential mediation. After further communications between March 2018 and May 2018, the parties agreed to arrange for a mediation session, which was later scheduled for November 15, 2018, and engage in an informal exchange of documents in connection with the mediation. Declaration of Arthur Kim ("Kim Decl."), Dkt. 11-1 ¶ 7; Exhibit B to Kim Decl., Dkt. 11-1 at 10-13; Declaration of Aymara Ledezma ("Ledezma Decl."), Dkt. 13-1 at 2 ¶¶ 4, 7; Exhibit B to Ledezma Decl., Dkt. 13-1 at 11-12. On May 8, 2018, Plaintiff's counsel produced 93 pages of documents. Kim Decl. ¶ 9; *see also* Exhibit B to Kim Decl., Dkt. 11-1 at 10. On May 24, 2018, the Parent Defendant's counsel produced 120 pages of documents. Kim Decl. ¶ 9; *see also* Exhibit B to Ledezma Decl., Dkt. 13-1 at 12.

In late July 2018, Plaintiff propounded discovery requests. However, shortly thereafter, the parties agreed that formal discovery would remain stayed pending the completion of the mediation, with any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

additional information necessary for the mediation to be shared informally. Kim Decl. ¶ 11; Exhibit D to Kim Decl., Dkt. 11-1 at 19; Ledezma Decl., Dkt. 13-1 ¶ 6. The parties appeared in the Superior Court on April 12, 2018 for a case management conference. Kim Decl. ¶ 13; *see also* Case Management Statements, Exhibits 7 and 8 to Notice of Removal, Dkt. 1-1 at 121-134.

In October 2018, Plaintiff's counsel informed defense counsel that he no longer believed the planned November 15, 2018 mediation would be productive. Kim Decl. ¶ 15; Ledezma Decl. ¶ 7. He states that the basis for this decision was "the distance separating the parties." Kim Decl. ¶ 15. The parties then agreed that, due to the cancelation of the mediation, responses would be provided to Plaintiff's July 2018 discovery requests. Ledezma Decl. ¶ 7. Plaintiff's counsel twice agreed to extend the deadline for the responses. Kim Decl. ¶¶ 16-18; Exhibits E, F, and G to Kim Decl., Dkt. 11-1 at 20-26. The result of these extensions was that certain responses were due on December 17, 2018, and certain deponents affiliated with Defendant would be made available for depositions between January 7 and January 10, 2019. Exhibits F and G to Kim Decl., Dkt. 11-1 at 24, 26.

On September 6, 2018, Plaintiff filed a one-page form amending the complaint to state that the entity sued under the fictitious name of Doe 1 had been identified as the Subsidiary Defendant. Exhibit 3 to Notice of Removal (the "Doe Amendment"), Dkt. 1-1 at 61. Counsel states that upon his review of documents that apparently had been provided in the earlier exchange, he had "realize[d] that another legal entity, [the Subsidiary Defendant], might also have employer status." Kim Decl. ¶ 13. The Doe Amendment was contemporaneously served by mail on Giamela and Ledezma. Dkt. 1-1 at 62. In October 2018, Ledezma "called Plaintiff's counsel and notified him that [her] office could accept service of the complaint for [the Subsidiary Defendant] by Notice and Acknowledgment of Receipt" pursuant to Cal. Code Civ. Proc. § 415.30 ("CCP 415.30"). Ledezma Decl. ¶ 9. On October 29, 2018, Plaintiff's counsel mailed the Notice with the relevant materials included. Exhibit 4 to Notice of Removal, Dkt. 1-1 at 64. On November 19, 2018, Ledezma executed the acknowledgement of receipt portion of the form. Exhibit 5 to Notice of Removal, Dkt. 1-1 at 112. On December 13, 2018, the Subsidiary Defendant filed an answer in the Superior Court (the "Subsidiary Defendant Answer"). Exhibit 6 to Notice of Removal, Dkt. 1-1 at 114-18. With the exception of the name of the defendant entity, this pleading is identical to the Parent Defendant Answer that had been filed ten months earlier. It includes a general denial and the same 21 affirmative defenses and is signed by Giamela and Ledezma. *See id.*; Parent Defendant Answer, Exhibit 2 to Notice of Removal, Dkt. 1-1 at 54-58.

On December 14, 2018, the Subsidiary Defendant filed the Notice of Removal. Dkt. 1. It states, in relevant part, that the removal is timely because it was filed within 30 days of the date when formal service of the Doe Amendment was effected -- November 19, 2018. *Id.* ¶ 14. It contends that the Subsidiary Defendant is the entity that employed Plaintiff. *Id.* ¶ 3. It includes a declaration of an Assistant Secretary for the Parent Defendant, who states that she is familiar with Plaintiff's work for the Subsidiary Defendant because the Parent Defendant "controls, directs, and coordinates the company's domestic business activities." Declaration of Rachel K. Muir ("Muir Decl."), Dkt. 1-2.

### IV. Analysis

    A.    Legal Standards

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

*Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is strictly construed, and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C.] section 1446(a)." 28 U.S.C. § 1447(c).

    B.    Application

        1.    <u>Whether the Subsidiary Defendant's Removal Was Untimely</u>

           a)    Specific Legal Standards

28 U.S.C. § 1446(b) provides, in relevant part, as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> (2)
>
>    . . .
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal. (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> (3) Except [under conditions not relevant here], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The 30-day removal period in Section 1446(b)(1) does not begin to run until "formal service" has been effected. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-58 (1999). For example, "mere receipt" of a courtesy copy of a complaint by facsimile does not trigger the removal clock. *Id.*; *see also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011).

28 U.S.C. § 1446(b)(2) addresses removal in cases involving multiple defendants. It was amended as part of the Federal Court Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, 760. That amendment, which resolved a previous split in decisions, adopted the "later-served" rule through the provision now codified at Section 1446(b)(2)(B): "Each defendant shall have 30 days" to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

remove the action from the time when that defendant has been formally served. Earlier in 2011, the Ninth Circuit had adopted that rule, explaining that "[a] contrary rule could deprive some defendants of their right to a federal forum because they were served too late to exercise that right, and encourage plaintiffs to engage in unfair manipulation by delaying service on defendants most likely to remove." *Destfino v. Reiswig*, 630 F.3d 952, 955-56 (9th Cir. 2011).

28 U.S.C. § 1446(b)(3) addresses removal where "the case stated by the initial pleading is not removable." For example, if it is not clear from the initial pleading that the amount in controversy requirement for diversity jurisdiction would be met, information related to that issue produced in the state proceeding such as "responses to discovery" can trigger the removal clock. *See* 28 U.S.C. § 1446(c)(3)(A).

      b)    Discussion

          (1)    <u>The Positions of the Parties and the Legal Standards</u>

Plaintiff contends that the removal was untimely because both defendants, including the later-served Subsidiary Defendant, "appeared de jure or de facto from the outset of this litigation." Motion, Dkt. 11 at 8. Plaintiff argues that this has been shown for several reasons: (i) Defendants' shared counsel "litigated this action on behalf of the corporate employer(s)"; (ii) neither Defendant ever "told Plaintiff's counsel or the State Court that the 'wrong' defendant had been sued"; (iii) the Subsidiary Defendant "is a wholly owned subsidiary of" the Parent Defendant that shares its website, CEO, business address, and two managers and members; and (iv) the two entities "are, at a minimum, acting as each other's agent." *Id.* at 8-9.

The Subsidiary Defendant responds that it is a distinct legal entity from the earlier-served Parent Defendant. Opposition, Dkt. 13 at 8. Accordingly, its notice of removal was timely because it was filed less than 30 days after service had been effected as to the Subsidiary Defendant. *Id.* at 6. Further, the Subsidiary Defendant contends that the action could not have been removed when the complaint was filed because the amount in controversy requirement was not met. Thus, because Plaintiff was not employed by the Parent Defendant, he could not recover any damages in the action. *Id.* at 7.

The issue presented by the Motion turns on whether the Subsidiary Defendant may invoke the later-served defendant rule based on the date when it was formally served with the Doe Amendment and materials related to the complaint. Those events occurred on November 19, 2018. If so, it timely removed the action on December 14, 2018, which was less than 30 days later. However, if the removal clock started more than 30 days before December 14, 2018, the removal was untimely. Therefore, the question presented is when the Subsidiary Defendant was "notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.*, 526 U.S. at 347.

If the complaint had been amended to add a defendant who had clearly not been a part of the action until service of the amended complaint, the later-served defendant rule would entitle that defendant to remove the action within 30 days of formal service. The date of formal service of process is determined based on state law. The service of the Doe Amendment on the Subsidiary Defendant was by mail through a Notice of Acknowledgment and Receipt. Under California law, courts in this District have followed CCP 415.30 to determine when formal service occurred. *See, e.g.*, *Harper v. Little Caesar*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

*Enterprises, Inc.*, No. CV18-01564-JLS-JDE, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018); *Cox v. R.J. Reynolds Tobacco Co.*, No. CV17-01229-SJO-JC, 2017 WL 1293007, at *3 (C.D. Cal. Apr. 5, 2017); *Wilson v. The Walt Disney Co.*, No. CV13-03388-JAK-SH, 2013 WL 12146125, at *2 (C.D. Cal. Aug. 1, 2013). CCP 415.30 specifies that "th[e] summons is deemed served on the date of execution of an acknowledgment of receipt of summons." CCP 415.30. Here, the acknowledgment was executed by the Subsidiary Defendant on November 19, 2018, which was less than 30 days before removal. *See* Exhibit 5 to Notice of Removal, Dkt. 1-1 at 112. Thus, under such an analysis, the removal here would be timely.

The foregoing "framework" is subject to at least one "exception," which has been applied in "cases involving a 'real party defendant in interest' or other closely affiliated 'intended defendant' that is mistakenly omitted from the initial complaint." *HSBC Bank USA, N.A. v. Mohanna,* No. 15-cv-02130-WHO, 2015 WL 4776236, at *4 (N.D. Cal. Aug. 13, 2015); *see also Brown v. New Jersey Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947, 951 (M.D. Tenn. 2004) (later-served defendant rule on its own "do[es] not offer insight into circumstances when the Plaintiff intends to sue only one defendant and he mistakenly sues the wrong business among very closely aligned businesses. Moreover, these cases do not consider the question present here of a *substitution* of the proper party for the closely aligned but improperly named original defendant."). The Second Circuit has explained that the right to remove an action is not always limited to those entities or individuals named in the complaint. *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96-97 (2d Cir. 2014). Rather, in certain cases, "the real party defendant in interest" -- the party "who, by the substantive law, has the duty sought to be enforced or enjoined," *Gebran v. Wells Fargo Bank, N.A.*, No. CV16-07616-BRO-MRW, 2016 WL 7471292, at *3 (C.D. Cal. Dec. 28, 2016) (quoting *Sun Oil Co. of Pa. v. Pa. Dept. of Labor & Indus.*, 365 F. Supp. 1403, 1406 (E.D. Pa. 1973)) -- is entitled to remove.

Furthermore, "if [the real party defendant in interest] seeks removal, it must act promptly because the 30-day interval in which it is permitted to do so . . . begins when it is 'on notice that the wrong company defendant has been named.'" *La Russo*, 747 F.3d at 96 (quoting *Hillberry v. Wal-Mart Stores East, L.P.*, No. Civ.A.3:05CV-63-H, 2005 WL 1862087, at *1 (W.D. Ky. Aug. 3, 2005)). Permitting a real party defendant in interest to wait until it is formally served with an amended complaint identifying it can be inconsistent with "the purpose of the later-served defendant rule." *HSBC*, 2015 WL 4776236, at *5. The purpose of that rule is to ensure that later-served defendants are not deprived of a federal forum through a plaintiff's manipulation of the timing of service. *See id.* (citing *Destfino*, 630 F.3d at 956-57). It "is not to enable defendants to exploit pleading errors, or to give them the 'undeserved tactical advantage that [they] would have if [they] could wait and see how [they were] faring in state court before deciding whether to remove.'" *Id.* (quoting *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir.1982)) (alterations in original). Thus, application of this doctrine can be required for consistency with a strict construction of the removal statute. *See RCM International, LLC v. Alpental Energy Partners, LLC,* 2014 WL 6844944, at *4 (N.D. Cal. 2014) (citing *Gaus*, 980 F.2d at 566).

The application of this "real party defendant in interest" or "intended defendant" doctrine turns on certain factual issues. *First*, the relationship between the entity named in the complaint and the intended defendant. The doctrine regularly applies when the complaint identifies a non-existent entity or a trade name for an entity, but an agent of the actual entity is served with the complaint. *See, e.g., La Russo*, 747 F.3d at 95-96 (owner of entity that "itself was not an entity with capacity to be sued under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

state law" is real party defendant in interest); *Howell v. Forest Pharm., Inc.*, No. 4:15-CV-1138 CEJ, 2015 WL 5561838, at *3 (E.D. Mo. Sept. 21, 2015) (proper entity is corporate successor to defunct entity named in the complaint). The doctrine also applies where the entity named in error is closely related to, but distinct from, the intended defendant. *See, e.g.*, *Gebran v. Wells Fargo Bank, N.A.*, No. CV16-07616-BRO-MRW, 2016 WL 7471292, at *4 (C.D. Cal. Dec. 28, 2016) (in employment suit, corporate entity that employed plaintiff was real party defendant in interest where its parent holding company was the entity named in the complaint); *RCM International,* 2014 WL 6844944, at *4.

*Second*, the "decisions reach different conclusions regarding whether the 'real party defendant in interest' or other 'intended defendant' must receive the misdirected service of process for its thirty-day removal window to start running, or whether mere notice that the wrong defendant has been named is enough." *HSBC*, 2015 WL 4776236, at *4 n.4; *compare, e.g.*, *Ware v. Wyndham Worldwide Inc.*, No. 09–cv–06420, 2010 WL 2545168, at *4 (D.N.J. June 18, 2010) ("[T]he intended defendant must be formally served with process" in order "to trigger the running of an intended but improperly named defendant's thirty-day removal window"), *with Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962, 968 (E.D. Mich. 2002) (where mistaken entity and correct entity are "not merely closely aligned, but one is the corporate successor to the other," service upon incorrect entity puts intended defendant on notice).

*Third*, the doctrine is applied both when the issue presented is whether removal was improper because it was filed by an entity not yet named to the complaint, *see, e.g.*, *La Russo*, 747 F.3d at 95-96; *Gebran*, 2016 WL 7471292, at *3-4, and when the issue is whether an action should be remanded because an entity not named in the initial complaint failed timely to remove upon learning that it was the real party defendant in interest. *See, e.g.*, *HSBC*, 2015 WL 4776236, at *4-6; *Ware*, 2010 WL 2545168, at *5-6.

(2) <u>Application</u>

Plaintiff argues that *HSBC* is "directly on point." Plaintiff's Supplemental Brief, Dkt. 25 at 1-3. Plaintiff contends that documents were produced in May 2018, including employment and pay records and were provided by the same counsel that now represents both the Parent Defendant and the Subsidiary Defendant. Plaintiff contends that this establishes that the Subsidiary Defendant knew the case could have been removed more than six months before it filed the notice of removal. *Id.* at 2-5. Defendants respond with two arguments. *First*, that the aforementioned case law does not apply because the Subsidiary Defendant "did not receive notice of Plaintiff's complaint when [the Parent Defendant] was served with Plaintiff's complaint." Defendants' Supplemental Brief, Dkt. 24 at 3. *Second*, *Gebran* should not be extended to the facts presented here because it misapplied *La Russo*. *Id.* at 3-5. Defendants rely on *Polito v. Hanover Insurance Group, Inc.*, No. 18-cv-6632 CJS, 2018 WL 3598873 (W.D.N.Y. July 27, 2018), which held that *La Russo* is limited to cases where the entity erroneously sued is a non-juridical entity, and contend that it is more persuasive than *Gebran*, which did not adopt such a limitation. *Id.*

Applying the principles discussed above to the facts presented here, warrants the conclusion that the Subsidiary Defendant was a real party defendant in interest more than 30 days before it filed the Notice of Removal. Therefore, the removal was untimely. *Gebran* is persuasive. There, the plaintiff filed a complaint in the Los Angeles Superior Court on August 4, 2016, which advanced four employment-related claims under FEHA and the California Labor Code. The complaint alleged that the defendant, Wells Fargo & Company (the "Wells Fargo Parent"), had employed the plaintiff as a personal banker. 2016 WL 7471292, at *1. The Wells Fargo Parent was served on September 13, 2016. *Id.* at *2. A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

different entity -- Wells Fargo Bank, N.A. (the "Wells Fargo Subsidiary") was not named as a defendant in the complaint. However, the Wells Fargo Subsidiary removed the action on October 13, 2016. *Id.* Plaintiff moved to remand. The district court considered whether the Wells Fargo Subsidiary could be deemed a defendant with a right to remove. *Id.* at *3. *Gebran* concluded that the Wells Fargo Subsidiary could do so as of September 13, 2016, when it received notice that the plaintiff had sued the Wells Fargo Parent. It reasoned that the Wells Fargo Subsidiary was a real party defendant in interest because it claimed to be the plaintiff's employer, and for this reason the proper defendant with respect to the claims that had been advanced. Thus, if the Wells Fargo Subsidiary were not a party, it would be "impair[ed] . . . from protecting its interest in the employment dispute at hand." *Id.* at *4. *Gebran* also held that the 30-day clock started on September 13, 2016, and the case was timely removed less than 30 days later. *Id.* at *4.

The facts here are similar. Thus, the Subsidiary Defendant has been the real party defendant since this action was filed. In the Notice of Removal, the Subsidiary Defendant contends that it is Plaintiff's employer and the subject of the claims asserted in the complaint. *See* Notice of Removal, Dkt. 1 ¶ 3. Consistent with these claims, the Parent Defendant now takes the position that it "did not employ the Plaintiff." Opposition to Motion, Dkt. 13 at 7. However, it never asserted this while the action was pending in the Superior Court for almost a year. *See* Kim Decl. ¶ 21. The Parent Defendant also states that the absence of any employment relationship with Plaintiff is so clear that it could not have removed this action in good faith because it knew "Plaintiff could not recover more than $75,000 in damages against it." *Id.*[2] This argument is unpersuasive. This is a straightforward employment action. Defendants necessarily knew which of them employed the Plaintiff. Given that the Subsidiary Defendant claims that it employed Plaintiff at all relevant times, it could have removed this action once the Parent Defendant was served, which was no later than early 2018.[3] Its failure to do so within 30 days makes its subsequent removal untimely. *See HSBC*, 2015 WL 4776236, at *4-6 (remanding action where "there is no dispute that" a defendant in a trustee capacity was entitled to remove case more than 30 days before he did so); *see also La Russo*, 747 F.3d at 96; *Gebran*, 2016 WL 7471292, at *4.

Furthermore, the result would be the same even if the 30-day period for removal by the Subsidiary Defendant did not commence when the initial complaint was served on the on the Parent Defendant. The Subsidiary Defendant has not shown that it did not know that the litigation was pending in the Superior Court. In those proceedings, the Parent Defendant hired counsel, and participated with Plaintiff in an early mediation process the purpose of which was to attempt to reach a settlement agreement. As part of that process, counsel for the Parent Defendant produced documents to Plaintiff's counsel in May 2018. They included documents about Plaintiff's employment with the Subsidiary Defendant, which would have been within the control of the Subsidiary Defendant. *See* Motion, Dkt. 11

---

[2] Defendants contend that the $75,000 amount in controversy requirement was not met when this action was first filed because the only entity named in the complaint was one against whom no damages could be recovered. Opposition to Motion, Dkt. 13 at 7-8. However, that is, in effect, an argument for dismissal based on failure to state a claim, and not that, if Plaintiff could state a claim, there would be "a legal certainty that the amount in controversy cannot be recovered." 14AA Wright & Miller, *Federal Practice & Procedure* § 3702 (4th ed.). There is no showing that it was not clear from the outset that the monetary relief sought by Plaintiff was at least $75,000.

[3] The date of service of the Complaint on the Parent Defendant has not been stated expressly. However, it was necessarily served prior to February 7, 2018, when the Parent Defendant filed its answer in the Superior Court. *See* Dkt. 1-1 at 58.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10355 JAK (KSx) | Date | July 12, 2019 |
|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | |

at 6. They also included an agreement by counsel for the Parent Defendant in early November 2018, to produce additional documents and to have the Human Resources manager identified in the complaint appear for a deposition. *See* Exhibit F to Motion, Dkt. 11-1 at 24 (email chain beginning on November 9, 2018, *i.e.*, more than 30 days before removal, in which Ledezma states that she is "waiting for confirmation from our client of the availability of the deponents [Plaintiff's counsel] listed," who were later stated to include "Ms. Chambers"); Complaint, Dkt. 1-1 ¶ 12 (referring to "Huntsman's Human Resources Manager," Linda Chambers). These actions are consistent with steps taken on behalf of the employer entity, which Defendants now contend is only the Subsidiary Defendant.

As the removing party, the Subsidiary Defendant has the burden of showing that removal was timely. *See Gaus*, 980 F.2d at 566. The Subsidiary Defendant has not carried that burden. Its representatives, including the counsel who now represents it and the Parent Defendant, knew or should have known early in the litigation that the Subsidiary Defendant was the intended defendant. No evidence has been presented that persons employed by the Subsidiary Defendant were unaware of this action until the Doe Amendment was formally served on November 19, 2018. Not only were there proceedings in the Superior Court for approximately one year, but when the Doe Amendment was filed, counsel for the Parent Defendant stated that she would be representing the Subsidiary Defendant in the action. That statement was made more than 30 days before the notice of removal was filed. *See* Ledezma Decl. ¶ 9. Although under some circumstances formal service of process would be required to start the 30-day time period for removal by the Subsidiary Defendant, the facts show that it had notice of this action much earlier, *i.e.*, more than 30 days before the removal on December 14, 2018.

Defendants argue that *La Russo* should be limited to circumstances when the defendant erroneously named in the complaint is not an entity capable of being sued in its own capacity. *Polito*, the decision on which Defendants rely, stated that *La Russo* "has no application" where the actual named defendant is not "a non-juridical entity" and is instead "a different entity." 2018 WL 3598873, at *6. *Polito* is unpersuasive. *La Russo* involved a complaint that named a "non-juridical entity," i.e., an entity "that cannot be sued." *La Russo*, 747 F.3d at 97. However, the reasoning of *La Russo* included that any "real party defendant in interest" "is not only entitled to remove, but, if it seeks removal, it must act promptly because the 30-day interval in which it is permitted to do so begins when it is on notice that the wrong company defendant has been named." *Id.* at 96 (internal quotation marks and citation omitted). *Gebran* recognized that a "real party defendant in interest" is any party "who, by the substantive law, has the duty sought to be enforced or enjoined." 2016 WL 7471292, at *3 (internal quotation marks and citation omitted). That the incorrectly named defendant is an actual entity, rather than a trade name or a nonexistent entity, does not change the outcome. *See id.* at *4 (Wells Fargo Subsidiary was intended defendant to action in which Wells Fargo Parent was named); *see also RCM International,* 2014 WL 6844944, at *4 (remanding where litigation behavior of named defendant should not provide related and distinct entity with "an independent right of removal").

Defendants next contend that the answer filed by the Parent Defendant was consistent with its current position that it did not employ Plaintiff. Defendants argue (Opposition, Dkt. 13 at 7-8) that the Answer included a general denial, and a defense that the Complaint fails to state any cause of action, which can be construed as a denial of its being Plaintiff's employer. However, the Subsidiary Defendant filed an identical answer, notwithstanding its contention that it is Plaintiff's employer. *Compare* Dkt. 1-1 at 54-58, *with* Dkt. 1-1 at 114-18. This confirms that the answer of the Parent Defendant need not be construed as a denial of an employment relationship with Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10355 JAK (KSx) | | Date | July 12, 2019 |
|---|---|---|---|---|
| Title | Nain Carlos Delgado Pimentel v. Huntsman International, LLC, et al. | | | |

To permit removal under these circumstances would provide the Subsidiary Defendant with the "undeserved tactical advantage" of "wait[ing] and see[ing] how [it] was faring in state court before deciding whether to remove the case." *Wilson*, 668 F.2d at 965. That litigation included a failed mediation effort, and the commencement of discovery. In that process, Plaintiff propounded discovery and then agreed to extend twice the deadline for the Parent Defendant to respond. Instead of any response, just three days before the deadline, the Subsidiary Defendant removed the action.

**V.      Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**. This action is remanded to the Los Angeles Superior Court at its Stanley Mosk Courthouse, Case No. BC688640.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |